# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEATH GOLDSTEIN,

    Plaintiff,

v.

ZACHERY[1] BERMAN, U.S. DEPARTMENT OF TRANSPORTATION FEDERAL AVIATION ADMINISTRATION, et al.,

    Defendants.

NO. 3:17-CV-2026

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is a Motion to Dismiss Plaintiff Heath Goldstein's ("Goldstein") Complaint (Doc. 1, Ex. 1) filed by Defendants Zachery Berman et al. ("Defendants"). (Doc. 4.) Because this Court does not have subject matter jurisdiction over Plaintiff's claims, Defendants' Motion to Dismiss will be granted.

## I. Background

The relevant facts, as alleged in the Complaint or available in the public record, are as follows. Goldstein has a license issued by the Defendant Federal Aviation Administration ("FAA") as a private pilot "with a rating of single engine land and instrument airplane." (Doc. 1, Ex. 1 at ¶ 9.) Goldstein went to a Designated Pilot Examiner ("DPE"), Mark George, who was certified and qualified by the FAA. *Id.* at ¶ 10. Goldstein "successfully passed for an additional rating of Instrument Airplane." *Id.* In 2015, the FAA "revoked DPE certifications and qualifications and determined the exam [Goldstein] took was deemed invalid." *Id.* at ¶ 11. In 2015, the FAA required

---

[1] It appears that Mr. Berman's first name is misspelled in the caption of Plaintiff's Complaint. However, I will continue to use this spelling to maintain a consistent record. *See United States v. Matthews*, 181 F.App'x 171, 171 n. 1 (3d Cir. 2006).

Goldstein to "retest such exam of instrument." *Id.* at ¶ 12. As a result, Goldstein has incurred additional out of pocket costs. *Id.* at ¶ 14. Goldstein's Complaint seeks five thousand dollars for "out of pocket costs and future costs that will be incurred for training and additional instruction, plus costs and any other relief as just." *Id.* at ¶ 15.

Goldstein previously filed a Complaint in the Lackawanna County Court of Common Pleas, which was removed to this Court by Defendants and dismissed by the Honorable Judge Malachy E. Mannion on November 3, 2017, for failure to prosecute under Fed. R. Civ. P. 41. *See Goldstein v. Berman*, No. 17-1510 (M.D.Pa. Nov. 3, 2017). Goldstein filed a new Complaint in the Lackawanna County Court of Common Pleas, which Defendants properly removed to this Court on November 3, 2017.[2] (Doc. 1.) On November 22, 2017, Defendants filed a Motion to Dismiss the new Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6): lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 4.) Goldstein filed his Brief in Opposition to Defendants' Motion to Dismiss on January 29, 2018. (Doc. 8.) Defendants have not filed a Reply Brief within the allotted time. This Motion is therefore now ripe for disposition.

## II. Discussion

"When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should

---

[2] Goldstein states that he has filed "preliminary objections" to Defendants' removal of the instant action from state Court, noting that no court has entered an "order for removal." No such order is required. *See* 28 U.S.C. § 2679(d)(2)("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial *by the Attorney General* to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.")(emphasis added). The Attorney General has delegated this authority to the United States Attorney. *See* 28 C.F.R. § 15.4. The United States Attorney's Office has certified that Defendants Peter J. Smith, Bruce D. Brandler, Justin J. Blewitt, and Zachery Berman were acting within the scope of their employment as employees of the United States at all relevant times. (Doc. 1, Ex. 2.) Therefore, the action was properly removed to federal court.

2

consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed." *Turner v. United States*, Civ. No. 13-494, 2014 WL 1345011, at *2 (M.D.Pa. Apr. 4, 2014)(citations omitted); *see also Tagayun v. Stolzenberg*, 239 F.App'x 708, 710 (3d Cir. 2007)("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case."). When ruling on a 12(b)(1) motion, "the district court must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." *Fed. Realty Inv. Trust v. Juniper Props. Group*, No. 99-3389, 2000 WL 45996, at *3 (E.D.Pa. Jan. 21, 2000)(citing *Haydo v. Amerikohl Mining, Inc.*, 830 F.2d 494, 496 (3d Cir. 1987)).

A court may treat a Rule 12(b)(1) motion either as a facial or a factual challenge to its subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 189 (3d Cir. 2000). When deciding a Rule 12(b)(1) facial attack, the Court may only consider the allegations contained in the complaint and exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claim and which the defendant has attached as exhibits to his motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *Dykes v. Southeastern Pennsylvania Transp. Auth.*, 68 F.3d 1564, 1567 (3d Cir. 1995)(noting that where "a complaint relies upon a document, [] the plaintiff obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished"). If the defendant submits and the court considers evidence that controverts the plaintiff's allegations, the court must treat the motion as a factual challenge. *Gould*, 220 F.3d at 178. In such cases, "the trial court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

3

The court is "not confined to the allegations in the complaint." *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), *overruled on other grounds by Animal Sci. Prods. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011). No presumption of truthfulness attaches to the plaintiff's allegations, and the burden of proof is on the plaintiff to show that the court possesses jurisdiction. *Id.* The plaintiff must show this by a preponderance of the evidence. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

The Federal Tort Claims Act ("FTCA") contains a limited and conditional waiver of the federal government's sovereign immunity, which provides consent to suit in federal district court under certain conditions. *See United States v. Orleans*, 425 U.S. 807, 813 (1976), *abrogated on other grounds by United States v. Olson*, 546 U.S. 43 (2005); 28 U.S.C. § 1346(b). Before filing a suit against the United States pursuant to the FTCA, a plaintiff must present an administrative claim to the responsible agency "and the claim shall have been finally denied by the agency." *See* 28 U.S.C. § 2675(a). "The final denial requirement is 'jurisdictional and cannot be waived.'" *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009)(quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Here, the extent of this Court's jurisdiction over this case is dependent on whether Goldstein has exhausted his administrative remedies. Defendants have attached two affidavits to their Brief in Support of their Motion to Dismiss, one from Zachary M. Berman of the FAA and one from Elijah F. Jenkins of the Department of Justice. (Doc. 5, Ex. 1&2.) Both affiants swear that Goldstein has not exhausted his administrative remedies by pursuing a claim within either agency. *Id.* Since these affidavits are not part of the complaint or the public record, and are not "undisputably authentic" documents which the plaintiff has identified as a basis of his claim, Defendants' Motion to Dismiss is properly evaluated as a factual, rather than facial, challenge to subject matter jurisdiction in this case.

Goldstein has not shown by a preponderance of the evidence that federal subject

matter jurisdiction exists over this action. He has made no attempt to contradict the affidavits introduced by Defendants, which suggest that Goldstein has not pursued his claim through administrative avenues before filing suit against Defendants. In addition, Goldstein makes no allegation in his complaint that he received a final denial of his claim from any administrative agency, or that he ever filed an administrative claim at all. I therefore credit the affidavits attached to Defendants' Motion to Dismiss and conclude that there is no federal subject matter jurisdiction over this action.

### III. Conclusion

For the above stated reasons, Defendants' Motion to Dismiss Goldstein's Complaint will be granted for lack of subject matter jurisdiction.

An appropriate order follows.


May 4, 2018                          /s/ A. Richard Caputo  
Date                                 A. Richard Caputo  
                                            United States District Judge